IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KEVIN J. MCKEE, </br></br>　　Plaintiff, </br></br>v. </br></br>ROBERTS FAMILY HOMES, LLC </br>d/b/a/ TEXAS BUILT MOBILE HOMES, </br></br>　　Defendant. | Case No.: 5:19-cv-00161 </br></br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, KEVIN J. MCKEE ("Plaintiff" or McKee"), and files his Complaint against Defendant, ROBERTS FAMILY HOMES, LLC d/b/a TEXAS BUILT MOBILE HOMES ("Defendant" or "Texas Built"), and states the following:

**NATURE OF THE CLAIMS**

1.   This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Texas Labor Code §§ 21 *et seq*.; and Texas common law to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, retaliation and sexual harassment of Plaintiff because of his sex leading to constructive discharge.

**JURISDICTION AND VENUE**

2.   This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff s rights under the Title VII.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Texas Labor Code pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Kevin J. McKee, is a citizen of the United States and was at all times material a citizen of the State of Texas, residing in Bexar County, Texas.

6. Plaintiff worked for Defendant as a Senior Sales Representative at its 6245 I-10 Frontage Road, Sequin, Texas 78155 location.

7. Defendant, Texas Built, is a Texas Limited Liability Company, with its principal place of business in Sequin, Texas.

8. Defendant, Texas Built, is an employer as defined by the laws under which this action arises.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On February 8, 2018, Plaintiff dual-filed a claim with the Texas Workforce Commission, Civil Rights Division ("TWC"), and the Equal Employment Opportunity Commission ("EEOC"), against Defendants, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sex, sexual harassment, and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

12. On November 23, 2018, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13. This Complaint was filed within ninety days Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff is a heterosexual male.

15. Defendant is a family-owned, full-service dealership that sells manufactured, modular, mobile homes, tiny homes, cabins, and oil field housing. Defendant also offers customers assistance with financing and land acquisition along with the delivery and setup of purchased homes. Defendant purports to be a "faith-based company centered around Christian values."

16. Plaintiff worked for Defendant as a Senior Sales Representative. Plaintiff learned Defendant's products and systems quickly and his success earned him accolades and performance-based rewards.

17. However, a few months into Plaintiff's tenure, the work environment drastically shifted when Seth Roberts, Texas Built's President, began to sexually harass Plaintiff. Upon information and belief, Mr. Roberts is a heterosexual male.

18. At first, Mr. Roberts would gesture towards Plaintiff as if he was going to grab Plaintiff's genitals lunge towards Plaintiff attempting to grab, touch, or fondle Plaintiff's genitals. Mr. Roberts would exclaim he was "joking" when he did so, however, Mr. Roberts acts were

deliberate and intentional. Mr. Roberts' advances were unwelcome and Plaintiff repeatedly told Mr. Roberts to stop, but to no avail.

19. Mr. Roberts' behavior escalated and the "joking" gestures and lunges turned into physical contact wherein Mr. Roberts would physically grab onto and hold Plaintiff's genitals. Plaintiff continued to tell Mr. Roberts to stop. As time went on, Mr. Roberts' sexual harassment intensified to the point where Mr. Roberts would grab, touch, or fondle Plaintiff's genitals approximately four or five times a day.

20. Upon information and belief, Mr. Roberts' also sexually harassed other male employees; female employees were not subjected to the same treatment.

21. Over Plaintiff's repeated objections, Mr. Roberts continued to terrorize Plaintiff and sexually harass him. On one such occasion, Mr. Roberts lunged at Plaintiff grabbing his genitals while yelling "Oh I got that little pecker," "Whew, looky I got that little pecker," "Where is that little pecker." Plaintiff again told Mr. Roberts that the sexual harassment was unwelcome and made Plaintiff feel uncomfortable.

22. Mr. Roberts even found a way to make something as simple as Plaintiff drinking from Defendant's water fountain an opportunity to sexually harass Plaintiff. For example, when Plaintiff was bent over taking a drink from the water fountain, Mr. Roberts approached Plaintiff from behind, physically grabbed Plaintiff's buttocks and attempted to insert his finger into Plaintiff's buttocks.

23. Several managers, including Paul Rose, Senior Operations and Finance Manager, witnessed the sexual harassment. Mr. Rose informed Mr. Roberts that he needed to stop sexually harassing Plaintiff however, Mr. Roberts responded by walking over to Plaintiff's desk and

attempting to once again grab Plaintiff's genitals. Business continued as usual and Defendant's lackadaisical attitude, acceptance, encouragement of "frat house behavior," and inaction caused Plaintiff to fear for his job and/or retaliation if he were to report the same.

24. Defendant's behavior was the antithesis of operating in a faith-based manner. Defendant attempted to keep up the appearance of a faith-based operation by holding daily prayer meetings each morning before opening for business. But while all employees were seated in prayer, with their eyes closed and/or looking down, Mr. Roberts would walk up behind Plaintiff and other male employees and thrust and press his genitals on the employees' shoulders and arms in a sexually explicit manner.

25. One day, Plaintiff was in a co-worker's office with his hand in one pocket while holding folders with his elbow against his side; Plaintiff's other hand held a full cup of coffee. Mr. Robert's snuck up on Plaintiff and approached him from behind - in Plaintiff's own words Mr. Roberts then grabbed his "shaft, [] head, everything...hard for like 8 seconds" while exclaiming "Whew looky looky I got ahold of this little guy!!" Embarrassed, shocked, and horrified, Plaintiff moved away so quickly and with such force that it ripped Plaintiff's pants from the pocket to just above the knee. Elizabeth Fontaine, who worked as Defendant's Financial Controller noticed Plaintiff's pants were torn and asked him what happened. Plaintiff explained what happened and Ms. Fontaine reported Mr. Robert's egregious behavior to David Hermann, Partner.

26. In retaliation for reporting Mr. Roberts' behavior to Ms. Fontaine, Defendant began to decrease Plaintiff's sales leads and exclude Plaintiff from essential work-related meetings. Prior to reporting Mr. Roberts Plaintiff was receiving approximately 15 to 20 leads per week. After reporting Mr. Roberts, Defendant reduced Plaintiff's leads to two or less per week. Of the two or less leads, they were of poor quality as compared to the leads previously provided to Plaintiff.

Defendant also began to retaliate against Plaintiff by intentionally causing delays in the processing of his sales transactions by delaying the review and signature on documents necessary to complete Plaintiff's sales.

27. The sexual harassment and hostile work environment began to take a toll on Plaintiff's mental health causing it to be difficult for Plaintiff to go to work due to the fear and dread of what sexual harassment may be waiting for him.

28. Days passed and Defendant took no remedial action. Upon learning that his behavior had been exposed, Mr. Roberts phoned Plaintiff and was brazen enough to ask Plaintiff if Plaintiff had reported the sexual harassment and inappropriate touching to anyone. Fearful for the reprisal if Plaintiff was to tell Mr. Roberts yes, he responded that he had not.

29. Due to the continued severe and pervasive sexual harassment and escalating hostile work environment, Plaintiff sought legal counsel and retained the undersigned in October 2017.

30. It was not until Defendant was informed that Plaintiff had retained counsel that Defendant hired Liza M. Fawcett, of Fawcett HR Solutions, to investigate Plaintiff's allegations.

31. Ms. Fawcett's investigation confirmed Mr. Roberts' sexually harassing behavior towards Plaintiff and other male employees.

32. Following her investigation, Ms. Fawcett issued a report and recommendation that included a number of suggested changes to Defendant including education of the entire workforce on Defendant's employment policies, namely its anti-harassment policy.

33. Despite Ms. Fawcett's investigation and report, the work environment remained hostile and unchanged.

34. Upon information and belief, Defendant did not sexually harass its female employees.

35. Due to the untenable and dangerous work environment Plaintiff was left with no option other than to tender his resignation.

**Count I: Sex Based Discrimination in Violation of Title VII**

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

379. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his sex, male.

38. Defendants are prohibited under Title VII from discriminating against Plaintiff because of his sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

39. Defendants violated Title VII by terminating and discriminating against Plaintiff based on his sex.

40. Defendants intentionally discriminated against Plaintiff on the basis of his sex.

41. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-

confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

42. Defendants' unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count II: Sexual Harassment in Violation of Title VII

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35, above.

44. Defendant's sexually harassing actions and comments were so frequent and severe that it created hostile work environment.

45. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

46. Defendant's unlawful conduct in violation of title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III: Retaliation in Violation of Title VII

47. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35, above.

48. Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendant.

49. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

50. Defendant's conduct violated Title VII.

51. Plaintiff has satisfied all statutory prerequisites for filing this action.

52. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

53. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

54. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count IV: Sex Based Discrimination in Violation of The Texas Labor Code §§ 21 et seq.

55. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

56. At all times relevant to this action, Plaintiff was in a protected category under Texas Labor Code § 21.05, because of his sex, male.

57. Defendant is prohibited under Texas Labor Code § 21.051 from failing or refusing to hire Plaintiff, discharge Plaintiff, or discriminate in any other manner against Plaintiff in connection with compensation or the terms, conditions, or privileges of employment; or to limit, segregate, or classify Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect in any other manner Plaintiff's employment status because of his sex.

58. Defendant intentionally discriminated against Plaintiff on the basis of his sex.

59. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Texas Labor Code § 21.051, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

60. Defendant's unlawful conduct in violation of Texas Labor Code § 21.051 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count V: Constructive Discharge

61. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

62. Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

63. Defendant's actions were done with the intent to drive Plaintiff to resign.

64. Defendant's deliberate actions forced Plaintiff to resign his position.

### Count VI: Intentional Infliction of Emotional Distress

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-35 above.

66. Defendant intentionally sexually harassed Plaintiff and subjected him to a hostile work environment.

67. Defendant's conduct was extreme and outrageous.

68. Defendant's sexual harassment caused Plaintiff to suffer from severe emotional distress

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

B. Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

C. Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gabrielle E. Klepper*
Gabrielle E. Klepper
Texas Bar No.: 24090213
Spielberger Law Group
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570 ext. 126
F: (866) 580-7499
Gabrielle.Klepper@spielbergerlawgroup.com

*Counsel for Plaintiff*